FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2012 OCT -4 PM 4:08

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

KELLY MITCHELL,

    Plaintiff,

v.

FREDERICK OWEN, and TRANS-CARRIERS, INC.,

    Defendants.

_____/

CASE NUMBER:

5:12-CV-561-OC-34PRL

## NOTICE OF REMOVAL

Defendants, FREDERICK OWENS ("Owens") and TRANS-CARRIERS, INC. ("Trans-Carriers"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332(a), 1441(a), and 1446(b)(1), hereby remove this cause from the Circuit Court of the Fifth Judicial Circuit in Marion County, Florida, Case No. 42-2012-CA-003236-A, to the United States District Court for the Middle District of Florida, Ocala Division. In support thereof, Defendants state:

    1.    On August 13, 2012, Plaintiff filed this civil action against Owen and Trans-Carriers in the Fifth Judicial Circuit in Marion County, Florida, Case No. 42-2012-CA-003236-A. A summons was issued on August 15, 2012, for both Frederick Owens and Trans-Carriers. A copy of both Summonses and Complaints are attached hereto as **Exhibit 1.**

1

2. Plaintiff also filed notices of serving initial discovery for both Defendants on August 13, 2012. A copy of Plaintiff's initial discovery to Defendants is attached as **Exhibit 2.**

3. The summons was not served upon Trans-Carrier until September 5, 2012. A Copy of the Return Service of Summons for Trans-Carriers is attached as **Exhibit 3.**

4. Plaintiff has not served the Summons upon Defendant Owens as of the date this notice was filed.

5. Defendants filed initial discovery upon Plaintiff's on September 19, 2012. A copy of Defendants' initial discovery to Plaintiff is attached as **Exhibit 4.**

6. The attached exhibits constitute a copy of the State circuit court's file, including all process, papers, orders, and pleadings filed in this cause.

7. Removal is timely pursuant to 28 U.S.C. § 1446(b), in that less than 30 days have passed since Trans-Carriers was served with the Summons and Complaint, and this removal is taken within one year of the commencement of suit.

8. In accordance with 28 U.S.C. §1446(d), Trans-Carriers has served a copy of this Notice of Removal on the Plaintiff and the Clerk of the Fifth Judicial Circuit in Marion County, Florida. Attached hereto as **Exhibit 5** is a copy of the Notice of Filing Notice of Removal.

9. Removal is authorized by 28 U.S.C. § 1441, and is based on this Court's original jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

### Diversity of Citizenship

10. For purposes of diversity jurisdiction, "[c]itizenship is equivalent to 'domicile.'" *See McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002). "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . . .' " *Id.* (*quoting Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)). In cases like this one, a corporation is considered a citizen of any State in which it has been incorporated and of the State where it has its principle place of business. *See* 28 U.S.C. § 1332(c)(1).

11. Plaintiff is domiciled in Marion River County, Florida. *See* Complaint at ¶ 2.

12. Trans-Carriers is a corporation organized under the laws of the State of Arkansas and has its principle place of business in the State of Tennessee.

13. Frederick Owens is domiciled in Huntsville, Texas.

14. Here, Trans-Carriers citizenship is diverse because neither of the Defendants are considered citizens of Florida.

15. Accordingly, complete diversity of citizenship exists between the Plaintiff and Defendant for purposes of establishing this Court's jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

### Amount in Controversy

16. Moreover, the amount in controversy exceeds the jurisdictional sum of $75,000.

17. In her Complaint, the Plaintiff alleges general damages in excess of $15,000.00. *See* Complaint at ¶ 1. While that amount by itself does not prove the amount in

controversy is over the $75,000 jurisdictional threshold, the Complaint, coupled with Plaintiff's detailed, pre-suit demand letters, and Plaintiff's failure to state that the amount in controversy is less than $75,000 is sufficient to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Attached hereto as **Exhibit 6** are Plaintiff's pre-suit demand letters and Defendant's good-faith letter regarding the amount in controversy.

18.     Thus, the amount in controversy for diversity jurisdiction is satisfied, the parties are diverse, and the action is removable to federal court.

## MEMORANDUM OF LAW

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). In order to meet this burden, "defendants may submit a wide range of evidence." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). "The evidentiary value of a settlement offer in establishing the amount in controversy depends on the offer." *Lutins v. State Farm Mut. Auto. Ins. Co.*, 210 U.S. Dist. LEXIS 143300, *4-5 (M.D. Fla. 2010).

> Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide specific information to support the plaintiff's damages suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight.

*Id.* at *5 (quoting *Jackson v. Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009); *see also Benandi v. Mediacom Southeast, LLC*, 2011 Dist. LEXIS 125084, *8 (S.D. Ala. 2011) (concluding that a pre-suit demand letter that described in some detail the injuries and costs incurred and anticipated future costs offers support for the amount in controversy and is distinguishable from a pre-suit demand letter that simply states a lump sum).

"[A] removing party is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754. "The law does not demand perfect knowledge or depend any less on reasonable inference and deductions than we all do in everyday life." *Id.* Furthermore, "courts may use their judicial experience and common sense in determining whether the case stated in the complaint meets federal jurisdiction." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

As seen in Exhibit 6 attached hereto, Plaintiff made two pre-suit demands, both over $75,000. The first demand, was made on December 29, 2011, and it not only specified Plaintiff's injuries and the amount in medical bills that Plaintiff has already incurred ($21,368.11), it specified the annual cost of Plaintiff's future medical expenses ($173,400.00) by breaking down the type of treatments that Plaintiff will be required to undergo, the annual cost of each procedure, and the life expectancy of the Plaintiff. The second demand letter again reiterated that Plaintiff is still currently treating and it also reiterated the annual costs of each procedure. In Plaintiff's second demand, she still remained above the $75,000.00 threshold limit by demanding $200,000.00.

Defendants then sent a letter to opposing counsel asking counsel to amend his State court Complaint to reflect that the amount in controversy is less than the $75,000 threshold.

Defendants have continued to be in contact with opposing counsel regarding the amount in controversy; however, counsel has failed to stipulate to a cap of damages at $75,000.00. *See Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009) (concluding that "a plaintiff's refusal to stipulate or admit that she is not seeking damages in excess of the requisite amount' should be considered ") (internal quotations omitted) (citations omitted).

## CONCLUSION

Based on the general damage allegations within Plaintiff's Complaint, Plaintiff's specific pre-suit demand letters, both of which demand over $75,000.00, and Plaintiff's failure to stipulate that she is not seeking damages in excess of $75,000.00, a preponderance of the evidence shows that the amount in controversy exceeds the jurisdictional requirement.

WHEREFORE, Defendants, Owens and Trans-Carriers, respectfully request that this case be entered upon the docket of the United States District Court for the Middle District of Florida.

Respectfully submitted,

TIMON V. SULLIVAN, ESQUIRE
Florida Bar Number: 283010
TSullivan@ogdensullivan.com
KRISTEN CHITTENDEN, ESQUIRE
Florida Bar Number: 0086741
kchittenden@ogdensullivan.com
OGDEN & SULLIVAN, P.A.
113 South Armenia Avenue
Tampa, FL 33609-3307
(813) 223-5111

(813) 229-2336 Facsimile
Attorney for Defendant
Ohio National Life Assurance Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __3__ day of October, 2012, I hand delivered the foregoing to the Clerk of the Court for uploading into the CM/ECF System and that I served a copy on opposing counsel via mail and e-mail to the following: Wesley T. Ford, Esq., Farah & Farah, 1534 Kinglsey Ave., Orange Park, FL 32073, wford@farahandfarah.com.

_____
TIMON V. SULLIVAN, ESQUIRE
Florida Bar Number: 283010
TSullivan@ogdensullivan.com
KRISTEN M. CHITTENDEN, ESQUIRE
Florida Bar Number: 0086741
KChittenden@ogdensullivan.com
OGDEN & SULLIVAN, P.A.
113 South Armenia Avenue
Tampa, FL 33609-3307
(813) 223-5111
(813) 229-2336 Facsimile
Attorneys for Defendants Frederick Owen and
Trans-Carriers, Inc.